IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEPHON MAGRUDER, | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action No. 1:19-cv-00057-RDM |
| | ) | |
| v. | ) | |
| | ) | |
| NAVY FEDERAL FIN. GROUP, LLC, et al. | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S OPPOSITION TO DEFEDANT FIRST PREMIER BANK'S
MOTION TO STAY LITIGATION AND COMPEL ARBITRATION**

Plaintiff, Stephon Magruder, by and through undersigned counsel, submits her response in opposition to Defendant First Premier Bank's ("First Premier") Motion to Stay and Compel Arbitration, and states the following:

**STANDARD OF REVIEW**

When considering a motion to compel arbitration, the appropriate standard of review for the district court is the same standard used in resolving summary judgment motions pursuant to Fed. R. Civ. P. 56(c). *Proctor v. First Premier Corp.*, *Proctor v. First Premier Corp.*, 2021 U.S. Dist. LEXIS 6502, *10 (D.D.C. Jan. 13, 2021) citing *Aliron Int'l, Inc. v. Cherokee Nation Indus., Inc.*, 531 F.3d 863, 865 (D.C. Cir. 2008). "Under this standard, 'the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration.' " *Proctor*, 2021 U.S. Dist. LEXIS 6502, at *10-11 quoting *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000). Arbitration should only be compelled if "there is 'no genuine issue of fact concerning the formation of the agreement' to arbitrate." *Hill v. Wackenhut Servs. Int'l.*, 865 F.Supp.2d 84, 89 (D.D.C. 2012) (citations omitted). Accordingly, "the focus is on the arbitrability of the dispute

1

rather than the dispute itself, and thus "a court may not weigh the merits of a grievance when determining whether to compel arbitration." *Proctor*, 2021 U.S. Dist. LEXIS 6502, at *11 ("The inquiry is instead limited to whether the parties have agreed to arbitrate the matters at issue.").

## ARGUMENT

### I.   THE MOVANT FAILED TO PROVE THERE IS NO GENUINE ISSUE OF DISPUTE THAT PLAINTIFF AGREED TO ARBITRATE HER CLAIM.

"When a party invokes the FAA to compel arbitration, the Court first must determine whether there is a valid agreement to arbitrate." *Skrynnikov v. Federal Nat. Mortg. Ass'n*, 943 F.Supp.2d 172, 176-77 (D.D.C. 2013) (citations omitted). "The Court then must assess whether the specific dispute falls within its scope." *Id.* (citations omitted). "In answering these questions, ordinary state-law contract principles apply." *Id*. citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Proctor*, 2021 U.S. Dist. LEXIS 6502, at *12.

In order to establish an enforceable agreement under District of Columbia law, the parties both must (1) agree on all material terms and (2) intend to be bound. *Steven R. Perles, P.C. v. Kagy,* 473 F.3d 1244, 1249 (D.C.Cir.2007); *Kramer Assocs., Inc. v. Ikam, Ltd.,* 888 A.2d 247, 251 (D.C.2005). "While a 'meeting of the minds,' or mutual assent, 'is most clearly evidenced by the terms of a signed written agreement ... such a signed writing is not essential to the formation of a contract. The parties' acts at the time of the making of the contract are also indicative of a meeting of the minds.' " *Kramer Assocs.,* 888 A.2d at 252 (citation omitted).

In addition, "an express contract requires an offer and acceptance, and must be supported by consideration." *Ghahremani v. Uptown Partners, LLC,* 2005 WL 3211463, at *16 (D.D.C. Nov. 13, 2005). The party asserting the existence of the contract bears the burden of proof. *Mosby-Nickens v. Howard University*, 864 F.Supp.2d 93, 99 (D.D.C. 2012) (quoting *Ponder v. Chase*

*Home Fin., LLC,* 666 F.Supp.2d 45, 48 (D.D.C. 2009) (citations omitted); *Jack Baker, Inc. v. Office Space Dev. Corp.,* 664 A.2d 1236, 1238 (D.C. 1995).

Thus, Defendant bears the burden of proving that the parties had a meeting of the minds with respect to agreeing to arbitrate the instant claim. Here, the Defendant has failed to put forth any admissible evidence that Defendant even offered the arbitration agreement as a term, let alone that Plaintiff accepted this term. More particularly, while Defendant claims that the arbitration agreement was applicable to Plaintiff's accounts and that Plaintiff used the accounts," ECF 77-1, ¶¶ 6& 7, the Defendant has presented no admissible evidence that the arbitration agreement was actually sent to Plaintiff.

In order to meet its burden that the agreement was mailed, the Defendant must establish four elements – that the Credit Card Agreement *containing the arbitration clause* was "[1] properly addressed, [2] stamped, [3] mailed, and [4] not returned to the sender." *Kidd Int'l Home Care, Inc. v. Prince*, 917 A.2d 1083, 1087 (D.C. 2007).[1] There is not an iota of evidence in the record proving that the agreement was placed with the post office *and* not returned. Defendant's declarant, Julie Gibson, who states she is an employee of Defendant's servicer, Premier Bankcard, LLC ("PBC"), simply has no personal knowledge that the agreement was properly mailed to Plaintiff. In fact, neither PBC nor Defendant are the entities that actually mail the credit card agreement and the declarant has no personal knowledge that the agreement was actually mailed. *Proctor*, 2021 U.S. Dist. LEXIS 6502, at *17-18 (First Premier uses third-party vendor, First Data Resource, to mail credit card agreements and Gibson has no knowledge as to whether First Data Resource actually mails the agreements).

---

[1] To prove it was mailed, the Appellee must prove the letter "was placed in a post office." *Hosp. of Univ. of Pa. v. Sebelius*, 634 F.Supp.2d 9, 15 (D.D.C. 2009) ("The rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed.") (citations omitted).

Importantly, Ms. Gibson, who claims to have knowledge of the "general business practices of [Defendant] First Premier with respect to its credit cards", ECF 77-1 ¶ 3, does not describe the business practices and has not produce any business record establishing Defendant provided the Credit Card Agreement to FDR. More importantly, Ms. Gibson has no personal knowledge of FDR's mailing practices. *Webster v. ACB Receivables Mgmt.*, 15 F.Supp.3d 619, 631-32 (D. Md. 2014) (finding testimony that a letter was forwarded by a third-party vendor was inadmissible because there was no affidavit from the vendor and no electronic record to support that the letter was ever sent). Here, as in *Webster*, Defendant uses a third-party vendor but failed to provide evidence that the third-party mailed the agreement. Likewise, Defendant failed to provide a business record establishing the document was sent.

Defendant's only evidence that the Credit Card Agreement was sent is the agreement itself. However, without personal knowledge that the Credit Card Agreement was mailed, *see Webster*, *supra*, nor personal knowledge of FDR's mailing practices, *see Proctor*, 2021 U.S. Dist. LEXIS 6502, at \*18 ("FPC could have provided a statement based on sufficient personal knowledge concerning its vendor's ordinary business practices in carrying out directions from FPC in mailing credit card materials.") (citing cases),[2] the Defendant has no admissible evidence that the agreement was mailed.

In *Proctor*, the same Defendant moved to compel arbitration based on similar evidence— account statements as proof that the consumer used the card and a credit card agreement exemplar as proof that the agreement was sent—and this court denied the Defendant's motion. *Id*. at \*20-21

---

[2] *Benner v. Nationwide Mut. Ins. Co.*, 93 F.3d 1228, 1234-35 (4th Cir. 1996) (evidence of business practices for mailing notices is required to create presumption that notice was sent). *Also see Kidd Int'l Home Care, Inc. v. Dallas*, 901 A.2d 156, 159 (D.C. 2006) ("[T]he mere existence of the[ Credit Card Agreement] … does not constitute proof,  in the absence of any certification or description of [the sender's] mailing procedures.") (quoting *Thomas v. District of Columbia Dep't of Environment Servs.*, 490 A.2d 1162, 1164 (D.C. 1985)).

(finding the exemplar credit card agreement was not evidence that the "agreement was in fact mailed to plaintiff"); *id*. at 21-22 (finding use of the credit card "does not prove" that the credit card agreement was mailed, "as it could have mailed her the card without including the agreement."). Thus, "[a]bsent a declaration establishing that the credit card agreement was in fact mailed to plaintiff, in compliance with the requirements of Rule 56(c), [Defendant] has failed to show that there was an agreement to arbitrate plaintiff's claims, and its motion to compel must therefore be denied." *Id*. at *22.

WHEREFORE, Plaintiff respectfully request that defendants First Premier Bank and First Savings Bank not be dismissed from this action.

Respectfully submitted,

WASHINGTON LEGAL GROUP, LLC

        */s/ Jeffery W. Styles*
Jeffrey W. Styles, Esq., Bar #475264
Washington Legal Group, LLC
1666 K Street Northwest - Suite 440
Washington, District of Columbia 20006
Telephone: (202) 503-1708
E-mail:   jstyles@washlegal.com

*Counsel for Plaintiff Stephon Magruder*

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2021, I caused to be served a copy of PLAINTIFF'S OPPOSITION TO FIRST PREMIER CORP.'S MOTION TO COMPEL AND STAY to be electronically filed with the clerk of the court using the CM/ECF system, which will send notification of such filing to all counsel of record.

_____/s/_____
Jeffery W. Styles